# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ALPHA METALLURGICAL RESOURCES, INC.,**
**Employer Below, Petitioner**

**FILED**
**February 8, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-537**      (JCN: 20220109697)

**JEFFREY STEWART,**
**Claimant Below, Respondent**


### MEMORANDUM DECISION

Petitioner Alpha Metallurgical Resources, Inc., ("Alpha") appeals the October 30, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Jeffrey Stewart did not file a response.[1] The issue on appeal is whether the Board erred in reversing the claim administrator's order, which denied the claim, and holding the claim compensable for a cervical sprain, left C5-C6 disc herniation, and cervical radiculopathy.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 12, 2022, Mr. Stewart sustained an injury to his neck and shoulder when he was climbing a ladder to get into a rock truck. Mr. Stewart was treated at Summersville Regional Medical Center Emergency Department on March 28, 2022. He reported the occupational injury and stated that he had been experiencing neck pain radiating into his left shoulder for two weeks. Mr. Stewart indicated that he had tried to treat the injury himself with heat, but that it had not helped. Mr. Stewart was diagnosed with a cervical spine sprain.

Mr. Stewart was seen by Joseph Dawson, M.D., on April 11, 2022. Mr. Stewart complained of neck and back pain, and reported that when he moved his neck to the left or upwards, it caused shooting pains down the left arm to his fingers with numbness and tingling. Dr. Dawson diagnosed Mr. Stewart with a cervical spine sprain and neoplasm of soft tissues of upper extremity. Dr. Dawson administered a cervical spine steroid injection to Mr. Stewart and ordered a cervical spine MRI. On April 7, 2022, Mr. Stewart completed a claim application for an injury he stated occurred on March 12, 2022. A treatment

---

[1] Alpha is represented by H. Dill Battle, III, Esq. Mr. Stewart did not appear.

1

provider at Summersville Reginal Medical Center completed the physician's portion of the form on April 8, 2022, and indicated that Mr. Stewart suffered a neck strain as the result of an occupational injury.

The claim administrator issued an order dated May 31, 2022, rejecting the claim on the basis that the disability complained of was not due to an injury or disease received in the course of and resulting from employment. Mr. Stewart protested this order.

On June 14, 2022, Mr. Stewart was seen by Richard Douglas, M.D. Mr. Stewart complained of neck pain radiating to his interscapular region and some numbness in his arms. He also reported aching pain in his left biceps with numbness in his hands and fingers. Dr. Douglas reviewed the May 18, 2022, cervical spine MRI. Dr. Douglas noted a left C5-C6 disc herniation, which appeared acute and was causing left foraminal narrowing; this was not mentioned in the radiology report. Dr. Douglas also noted multilevel disc bulging, facet arthropathy, and uncovertebral hypertrophy causing foraminal narrowing at C3-C4, C4-C5, C5-C6, and C6-C7. Dr. Douglas diagnosed Mr. Stewart with cervical radiculopathy, arm numbness, and cervical disc herniation due to an occupational injury. Mr. Stewart was referred for physical therapy and a CT cervical nerve root block.

Philip Chandler, M.D., reviewed Mr. Stewart's medical records and issued a report dated June 23, 2022. Dr. Chandler noted that Mr. Stewart had been treated for carpal tunnel syndrome in 2010 and that the May 18, 2022, cervical spine MRI revealed degenerative changes. Dr. Chandler opined that Mr. Stewart's symptoms were related to his prior carpal tunnel diagnoses and degenerative disc disease and were not related to a single workplace injury.

On October 30, 2023, the Board reversed the claim administrator's order, which rejected the claim. The Board found that Mr. Stewart established that he sustained an injury in the course of and resulting from his employment and held the claim compensable for cervical sprain, left C5- C6 disc herniation, and cervical radiculopathy. Alpha now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Alpha argues that the evidence establishes that Mr. Stewart's preexisting chronic medical problems are the cause of his symptoms rather than an injury sustained in the course of and resulting from his employment. Further, Alpha asserts that the alleged mechanism of injury here was "reaching" and that this is not an "injurious or traumatic activity, nor can it be characterized as a hazard unique to the workplace." Finally, Alpha contended that Mr. Stewart's delays in seeking medical attention and initiating a claim were consistent with a finding that his conditions were chronic and not the result of a work injury on March 12, 2022. We disagree.

Here, the Board found that the evidence established that Mr. Stewart suffered a cervical sprain, left C5-C6 disc herniation, and cervical radiculopathy in the course of and resulting from his employment on March 12, 2022. The Board noted that Mr. Stewart did not report his injury until March 28, 2022, and found that it was reasonable for him to attempt to treat his injury himself with heat. The Board noted that the diagnoses of neural foraminal stenosis of the cervical spine and degenerative disc disease are typically degenerative conditions and found that they were not related to the compensable injury. The Board also found that Dr. Chandler's report, which characterized all symptoms and diagnoses as degenerative and unrelated to an occupational injury, was unreliable, and that his findings were not supported by the medical evidence. Ultimately, the Board held the claim compensable for a cervical sprain, left C5-C6 disc herniation, and cervical radiculopathy based on the medical records from Dr. Douglas.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Stewart established that the diagnoses of cervical sprain, left C5-C6 disc herniation, and cervical radiculopathy were sustained in the course of and resulting from his employment. Further, the Board was not clearly wrong in holding those diagnoses compensable based on the weight of the evidence.

We do not find merit in Alpha's argument that Mr. Stewart's delay in reporting indicates that his symptoms are related to preexisting conditions. We note that Mr. Stewart timely filed his claim application and, further, that he reported that he attempted to treat the injury himself. We do not find that Mr. Stewart's minor delay in reporting his injury to be determinantal to his claim.

We also do not find merit in Alpha's argument that Mr. Stewart injury was caused by simply "reaching" and that his injury was not caused by a hazard unique to his workplace. We note that Mr. Stewart was injured while climbing a ladder to get into a rock truck for the purpose of doing his job. We find that Mr. Stewart has established that this created an increased risk of injury. *See Kittle v. ACNR Res., Inc.*, __ W. Va. __, __ S.E.2d __, 2023 WL 3167482, at *3 (Ct. App. May 1, 2023).

Accordingly, we affirm the Board's October 30, 2023, order.

Affirmed.

**ISSUED:** February 8, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4